1

2                                                                    O

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   VERNON LAMONT COLBERT, SR.,      )      NO. EDCV 22-0518-CAS (AGR)
                                      )
12              Plaintiff,            )
                                      )
13         v.                         )      ORDER DISMISSING FIRST
                                      )      AMENDED COMPLAINT
14   WEST VALLEY DETENTION            )      WITHOUT FURTHER LEAVE TO
     CENTER COUNTY JAIL, et al.,      )      AMEND
15                                    )
                Defendants.           )
16                                    )
                                      )
17   ─────────────────────────────── )

18                                **I.**

19                          **BACKGROUND**

20         On March 21, 2022, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed

21   a civil rights complaint under 42 U.S.C. § 1983.  (Dkt. No. 1.)  On April 25, 2022,

22   Plaintiff filed the exhibits.  (Dkt. No. 5.)  The Court construed both filings together

23   as the operative complaint and dismissed the complaint with leave to amend.

24   (Dkt. No. 8.)

25         Plaintiff filed a First Amended Complaint ("FAC").  (Dkt. No. 9.)  The Court

26   screens the FAC to determine whether it fails to state a claim on which relief may

27   be granted.  28 U.S.C. § 1915(e)(2)(B).  The Court's screening is governed by the

28   following standards:

           To survive dismissal, "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citations omitted).

A *pro se* complaint is to be liberally construed.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  Before dismissing a *pro se* civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure them unless it is clear the deficiencies cannot be cured by amendment.  *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987).

## II.

## ALLEGATIONS OF FIRST AMENDED COMPLAINT

The FAC names one defendant, Deputy Duncan at the West Valley Detention Center ("WVDC").[1]  (Dkt. No. 9 at 2.)

On or about September 15, 2021, Plaintiff was pronounced unresponsive in his cell until smelling salts were used twice to arouse consciousness.  Plaintiff alleges that this "temporary death" was "caused by malicious unprofessional acts."  (*Id.* at 3.)  Defendant Duncan "allowed" temporary death and loss of consciousness, during which Plaintiff stopped breathing.  (*Id.* at 4.)

The FAC asserts a claim under the Eighth Amendment and seeks monetary damages.  (*Id.* at 4-5.)

---

[1]  Plaintiff was previously advised to file a First Amended Complaint that names, in the caption and body of the complaint, the defendant(s) he wants to sue.  (Order, Dkt. No. 8 at 2-3.)

**III.**

**DISCUSSION**

Plaintiff contends that Defendant Duncan violated the Eighth Amendment.[2]

As this Court previously explained, each defendant "is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677.  A person subjects another to the deprivation of a constitutional right within the meaning of § 1983 if he or she "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he [or she] is legally required to do" that causes the complained-of deprivation.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  "Liability under § 1983 must be based on the personal involvement of the defendant."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

The complaint contains no facts showing how Defendant Duncan violated the Eighth Amendment.  The FAC alleges that Duncan "allowed" Plaintiff to temporarily lose consciousness until smelling salts revived him, but the FAC does not explain what Duncan did or did not do that caused the loss of consciousness or any injury.

Although not attached to the FAC, the Court has again reviewed the two grievances after the alleged incident on September 15, 2021 that were attached to the previous complaint.  Those grievances also do not explain what precisely Duncan did or failed to do that led to deprivation of his rights.  In Grievance ID

_____

[2]  The Court previously explained that the Eighth Amendment protects convicted prisoners and does not apply to pretrial detainees.  *Graham v. Connor*, 490 U.S. 386, 396 n.10 (1989); *Bell v. Wolfish*, 441 U.S. 520, 535 (1861).  If Plaintiff was a pretrial detainee at WVDC, his claims arise under the Due Process Clause of the Fourteenth Amendment and are governed by different standards. *See Kingsley v. Hendrickson*, 576 U.S. 389, 396-98 (2015) (setting forth standards for excessive force claims of pretrial detainees); *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (setting forth standards for medical care claims of pretrial detainees).  The Court advised Plaintiff to clarify in the FAC his custodial status at the time his claims arose and advised that if Plaintiff was a pretrial detainee, he should assert his excessive force and medical care claims under the Due Process Clause.  The FAC does not clarify Plaintiff's status but asserts the claim under the Eighth Amendment.

1    G342109-0057939, dated September 15, 2021, Plaintiff stated that on September

2    15, 2021, "malicious acts" "almost caused death to me" and names seven

3    individuals, including Defendant Duncan.  The grievance does not describe what

4    the malicious acts were or what Duncan did or did not do.  (Dkt. No. 5 at 9.)  The

5    grievance was rejected as duplicative of Grievance ID G34208-0057341.  (*Id.*)

6    Grievance ID 342109-0057974, dated September 16, 2021, also concerns the

7    incident on September 15, 2021.  Plaintiff stated that he wrote to "medical"

8    regarding having a seizure in his cell during which he passed out, but his

9    assigned nurses acted as if the incident never happened and "hid."  (Dkt. No. 5 at

10    11.)  The response stated that Plaintiff's medical records showed he had been

11    seen first by a nurse and then by a medical provider.  (*Id.*)

12      The FAC also alleges that Defendant Duncan uses a racial epithet from

13    "time-to-time."  (FAC at 2.)  This allegation is troubling.  Verbal harassment,

14    however, is not a sufficient basis for a § 1983 claim.  *Oltarzewski v. Ruggiero,*

15    830 F.2d 136, 139 (9th Cir. 1987).  The Ninth Circuit has found no constitutional

16    violation in "vulgar language" directed at inmate, *id.*; "abusive language directed

17    at [inmate's] religious and ethnic background," *Freeman v. Arpaio*, 125 F.3d 732,

18    738 (9th Cir. 1997), *abrogated on other grounds by Shakur v. Schriro*, 514 F.3d

19    878, 884–85 (9th Cir. 2008)*; and* "disrespectful" comments directed at inmate,

20    *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996).  Plaintiff, therefore, fails to

21    state a claim based on verbal harassment.

22      As the Court previously explained, a complaint must contain "a short and

23    plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

24    Civ. P. 8(a)(2).  The purpose is to "give the defendant fair notice of what the . . .

25    claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly,* 550

26    U.S. 544, 555 (2007) (internal quotation marks and citation omitted).  The

27    complaint does not give Defendant Duncan fair notice of the nature of Plaintiff's

28    claims, the grounds upon which they rest, and what conduct by each Defendant

1 | constitutes the factual basis for the claims asserted against that Defendant. *See*
2 | *Twombly,* 550 U.S. at 555; *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir.
3 | 1996).

4 |      The Court previously explained to Plaintiff the deficiencies in his complaint
5 | and granted him leave to file an amended complaint. (Dkt. No. 8.)  Plaintiff has
6 | not been able to cure the deficiencies.  Further leave to amend would be futile
7 | and unwarranted.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d
8 | 1034, 1041 (9th Cir. 2011) (leave to amend may be denied when amendment
9 | would be futile); *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 879 (9th Cir.
10 | 1999) (discretion to deny leave to amend is "particularly broad" when plaintiff was
11 | previously granted leave to amend).

12 | **IV.**

13 | **ORDER**

14 |      For the reasons discussed above, IT IS ORDERED that the First Amended
15 | Complaint is dismissed without further leave to amend and that Judgment be
16 | entered accordingly.

18 | Dated: April 5, 2024

                                                 CHRISTINA A. SNYDER
United States District Judge